IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cv-01483-WDM-MJW

DRY CLEANING TO-YOUR-DOOR, INC.
d/b/a DRY CLEANING TO-YOUR-DOOR,

    Plaintiff,

v.

WALTHAM LIMITED LIABILITY COMPANY,
JEFFREY A. LATHAM, and
JULIE W. LATHAM,

    Defendants.

## ORDER ON MOTION TO DISMISS

Miller, J.

This matter is before me on Defendants' Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) (doc no 20). This is an action for injunctive relief seeking to enforce a non-competition clause contained in a franchise agreement. Defendants seek to dismiss the case on the grounds that, under Florida state law, the non-competition clause cannot be enforced by Plaintiff, who is an assignee of the agreement. Plaintiff opposes the motion. After a review of the pleadings and the parties' written arguments, I conclude oral argument is not required. For the reasons that follow, the motion is denied.

### Background

Defendants Jeffrey and Julie Latham entered into a Franchise License Agreement ("Franchise Agreement") with DRY CLEANING TO-YOUR-DOOR Franchise

corporation, a Florida corporation (the "Florida Corporation"), on or around December 31, 1996.  Complaint ¶ 5.  The Lathams thereafter assigned the Franchise Agreement to Defendant Waltham Limited Liability Company.  *Id.* at ¶ 6.  On October 1, 2003, the Florida Corporation transferred all its assets and liabilities to Plaintiff, an Oregon corporation.  *Id.* at ¶¶ 4, 7.  The Franchise Agreement contains a restrictive covenant in Article VIII, which prohibits Defendants from engaging in certain competitive activities for two years after the termination of the contract.  Franchise Agreement, Exhibit C to Complaint.  The Franchise Agreement also contains a choice of law provision requiring that it be interpreted, construed, and governed by the laws of Florida.  Franchise Agreement Art. XVIII.A.  The Franchise Agreement also contains a general assignment provision.  Franchise Agreement Art. XI.A.

After the Franchise Agreement expired in 2006, Defendants did not renew their contract with Plaintiff.  Complaint at ¶¶ 41-42.  Defendants continued to operate a business which Plaintiff contends is in violation of the non-competition provision in the Franchise Agreement.  *Id.* at ¶ 43.  Plaintiff ultimately filed this action seeking injunctive relief and damages, asserting a single claim of breach of the Franchise Agreement.

## Standard of Review

A complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).  The court must accept as true all well-pleaded facts and construe all reasonable allegations in the light most favorable to the plaintiff.  *United States v.*

*Colorado Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996).

## Discussion

Defendants seek to dismiss the complaint on the grounds that enforcement of the non-competition clause is barred by Fla. Stat. Ann. § 542.335. Florida law generally permits the enforcement of reasonable restrictive covenants and Florida's courts have made clear that the current version of the statute is "aimed at making enforcement of bona fide restrictive covenants easier and more certain." *Henao v. Professional Shoe Repair, Inc.*, 929 So.2d 723, 726 (Fla. App. 2006) (citation omitted).

Section 542.335(1)(f) expressly addresses assignment of a non-competition covenant and provides:

> The court shall not refuse enforcement of a restrictive covenant on the ground that the person seeking enforcement is a third-party beneficiary of such contract or is an assignee or successor to a party to such contract, provided:
>
> * * *
>
> 2. In the case of an assignee or successor, the restrictive covenant expressly authorized enforcement by a party's assignee or successor.

Defendants argue that "restrictive covenant" in this case means only the specific provision itself, not the entire contract containing the non-competition term. Therefore, according to Defendants, the general assignment provision fails to satisfy the requirements of section 542.335(1)(f) (because it is in a different part of the Franchise Agreement) and the "restrictive covenant" here does not expressly authorize enforcement by an assignee of the Franchise Agreement. I disagree that section

3

542.335(1)(f) or the parties' agreement should be so narrowly construed.

First, the plain text does not mandate a reading that the express authorization be contained in the same section or paragraph as the covenant itself, since contracts can and often do incorporate or refer to other documents or provisions. The statute is arguably ambiguous in this regard, as it uses the terms "restrictive covenant" and "contract" interchangeably. For example, section 542.335(1) provides that "enforcement of *contracts* that restrict or prohibit competition during or after the term of *restrictive covenants*, so long as such *contracts* are reasonable in time, area, and line of business, is not prohibited." (Emphasis added). Given this ambiguity, Defendant's construction is at odds with the general intent of this portion of the statute, which is to make enforcement of non-competition clauses easier and more certain. In addition, the statute itself makes clear that such provisions are to be construed broadly by instructing that "[a] court shall construe a restrictive covenant in favor of providing reasonable protection to all legitimate business interests established by the person seeking enforcement. A court shall not employ any rule of contract construction that requires the court to construe a restrictive covenant narrowly, against the restraint, or against the drafter of the contract." Fla. Stat. Ann. § 542.335(1)(h). Finally, although no court in Florida has addressed Defendants' argument directly, the court in *Marx v. Clear Channel Broadcasting, Inc.,* 887 So.2d 405 (Fla. App. 2004) apparently assumed that an authorization to assign could be valid if it was in the greater contract, not specifically within the restrictive covenant term itself. *See Marx*, 887 So.2d at 408 ("the new statute allows the enforcement of non-competition clauses by successors or

assignees where the *contract* does 'expressly authorize[ ] enforcement by a party's assignee or successor.'") (emphasis added).

I also note that the plain language of the Franchise Agreement allowed Plaintiff's predecessor to assign its rights to any person without exception. Franchise Agreement Art. XI.A. Under Defendants' construction, I would have to somehow construe an unconditional "right to assign our rights under this Agreement to any person" to be inapplicable to the right to enforce the restrictive covenant provided in Article VIII of the Agreement. Defendants provide no authority with any factual or legal similarity to the issue presented here that could suggest such a result.

I conclude that the general assignment provision in the Franchise Agreement operates to "expressly authorize" the assignment of the non-competition provisions contained within the Franchise Agreement. Therefore, Plaintiff, as assignee, may enforce those provisions.

Accordingly, it is ordered:

1. Defendants' Motion to Dismiss (doc no 20) is denied.

DATED at Denver, Colorado, on October 30, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge